UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LANCE COFIELD,

Plaintiff,

25-CV-0990 (MAV)

-vs-

ORDER

BUFFALO MERCY HOSPITAL,

Defendant.

Plaintiff Lance Cofield filed the present action in October 2025 alleging federal and state law claims against Buffalo Mercy Hospital ("the Hospital"). ECF No. 1. Plaintiff did not pay the filing fee but applied for leave to proceed in forma pauperis ("IFP"). ECF No. 2. Subsequently, he also filed a motion for default judgment (ECF No. 3), and a motion for service by the United States Marshals (ECF No. 4).

As an initial matter, the Court denies without prejudice Plaintiff's motions for default judgment and service by the Marshals. Rule 4(b) of the Local Rules of Civil Procedure of the Western District of New York authorizes service by the United States Marshals only after a pro se plaintiff has been authorized to proceed IFP. *See, e.g., Meadows v. Erie Cnty. Dep't of Soc. Servs.*, No. 23-CV-920-LJV, 2024 WL 2319829, at *1 n.1 (W.D.N.Y. May 22, 2024) (discussing Loc. R. Civ. P. 4(b)). Here, Plaintiff's complaint did not proceed to service, because his motion for IFP was still pending. Further, "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014)

(internal quotation marks and citation omitted). Here, because Plaintiff's complaint did not proceed to service, default judgment may not be granted.

However, the Court has now reviewed Plaintiff's motion to proceed IFP and his supporting affirmation required under 28 U.S.C. § 1915(a), and finds that Plaintiff has met the statutory requirements and may proceed in this matter IFP. Because Plaintiff is proceeding IFP, the Court has conducted an initial screening of Plaintiff's complaint using the 28 U.S.C. § 1915(e)(2) criteria. Based on the Court's screening, the Court finds that Plaintiff's complaint must be dismissed, but with leave to amend his claims.

## BACKGROUND

The following background is drawn from Plaintiff's pro se complaint. ECF No. 1. The Court has accepted all factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

Plaintiff alleges that on September 26, 2025, he presented at the Hospital with complaints of severe lower back pain, upper left back pain, and cervical pain. ECF No. 1 at 1.[1] He specifically advised medical staff that his upper back and neck were hurting, and explained that the pain on his right side was connected with a prior "no-fault accident," while the pain on his left side and in his lower back and all other areas of his back was connected to his

[1] The page numbers refer to the pagination generated by the Court's CM/ECF system in the upper-right hand corner of each document.

work injury. *Id.* Despite Plaintiff's complaints about pain in his entire back, the Hospital performed an MRI scan of Plaintiff's cervical spine only, which revealed bulging discs at C3 and C4. *Id.* The Hospital did not scan Plaintiff's lumbar spine. *Id.*

On October 1, 2025, Plaintiff sought further evaluation at St. Joseph's Hospital, and a CT scan was performed, which also demonstrated bulging discs at L3-L4, L4-L5, and L5-S1. *Id.* at 2. Plaintiff maintains that the Hospital's failure to diagnose the conditions in his lumbar spine caused delayed treatment, prolonged suffering, worsening injury, and emotional distress, all of which could have been prevented had the Hospital conducted a complete evaluation of his spine in the first instance. *Id.*

Plaintiff filed the instant complaint on October 6, 2025, alleging a civil rights violation under 42 U.S.C. § 1983 for deliberate indifference, as well as state law claims for medical negligence, "hospital liability," and violation of New York Public Health Law § 2803-c(3)(e). ECF No. 1.

**LEGAL STANDARD**

Section 1915 of Title 28 of the United States Code "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A complaint filed pro se must be "liberally construe[d]" and "interpret[ed] . . . to raise the strongest arguments it suggests." *Abbas*, 480 F.3d at 639 (citing *Weixel v. Bd. of Educ. of N.Y.*, 287

F.3d 138, 146 (2d Cir. 2002)). Nevertheless, the Second Circuit has instructed courts not to "read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

In the first step of the § 1915 screening inquiry, the Court must determine whether it has subject-matter jurisdiction over the plaintiff's claims. Federal courts are courts of "limited jurisdiction," which means that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court can typically adjudicate only three types of claims:

> (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a).

*Dor v. Google LLC*, No. 3:25-CV-01915 (SVN), 2026 WL 438112, at *2 (D. Conn. Feb. 13, 2026). If "the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *Jones v. Free & Accepted Masons*, 685 F. Supp. 3d 148, 151 (W.D.N.Y. 2023) (collecting cases and quoting Fed. R. Civ. P. 12(h)(3)).

Next, the Court must dismiss the complaint, or any portion thereof, if it

determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). On the other hand, a complaint sufficiently states a claim when it is "facially plausible"; that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Generally, where screening reveals that a complaint is deficient, a pro se plaintiff must be allowed an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). That said, leave to amend is properly denied where amendment would be futile. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

### I. Plaintiff's Federal Claim Under 42 U.S.C. § 1983

At the outset, the Court notes that Plaintiff fails to adequately state a

claim for deliberate indifference under 42 U.S.C. § 1983. "An action under § 1983 has two elements: the defendant must (1) act under 'color of state law' to (2) deprive the plaintiff of a statutory or constitutional right." *Kennedy v. New York*, 167 F. Supp. 3d 451, 460 (W.D.N.Y. 2016) (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004)). Thus, a plaintiff must demonstrate not only that his rights were violated, but also that his injuries were caused by state actors or those acting under color of state law." *Perkins v. Rochester Gen. Hosp.*, 627 F. Supp. 3d 243, 251 (W.D.N.Y. 2022) (citing *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).

The Supreme Court has articulated the circumstances under which the actions of a private entity are attributable to the state:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate" ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)). Here, not only has Plaintiff failed to allege that the Hospital is a state actor, he has also failed to allege any other circumstances which would suggest that the Hospital's actions could be attributable to the state. *See, e.g.,* ECF No. 1 at 1 (describing the Hospital as a medical facility located in Buffalo, New York operating under the

Catholic Health System). Accordingly, Plaintiff's § 1983 claim is dismissed with leave to amend. *Perkins*, 627 F. Supp. 3d at 251

**II. Plaintiff's State Law Claims**

Having found no merit in Plaintiff's federal claims against the Hospital, the Court declines at this time to exercise supplemental jurisdiction over Plaintiff's state law claims.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "Supplemental jurisdiction may be declined, however, where all claims over which the Court had original jurisdiction have been dismissed." *Spring v. Cnty. of Monroe, N.Y.*, 103 F. Supp. 3d 361, 366 (W.D.N.Y. 2015) (citing 28 U.S.C. § 1367(c)). The Second Circuit has stated that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id.*

The Court finds that in the instant case, the interests considered under

the pendent jurisdiction doctrine are best served by declining to exercise supplemental jurisdiction at this time. Accordingly, Plaintiff's state law claims are dismissed without prejudice to refiling either in an amended complaint in this Court, or in state court.

## CONCLUSION

For the reasons above, Plaintiff's motions for default judgment and service by the Marshals are denied without prejudice, but his motion to proceed IFP is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claim under 42 U.S.C. § 1983 is dismissed with leave to amend. In his amended complaint, Plaintiff may also reassert his state law claims.

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion to proceed IFP, ECF No. 2, is GRANTED; and it is further

ORDERED that Plaintiff's motions for default judgment, ECF No. 3, and for service by the Marshals, ECF No. 4, are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's federal claim of a civil rights violation under 42 U.S.C. § 1983 is DISMISSED WITH LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that the Court declines at this time to exercise supplemental jurisdiction over Plaintiff's state law claims, but that such claims may be reasserted in an amended complaint; and it is further

ORDERED that Plaintiff may file an amended complaint as directed above by no later than **November 6, 2026**; and it is further

ORDERED that the Plaintiff shall be sent, with this order, a copy of the original complaint, a non-prisoner complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by **November 6, 2026**, the claims dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), will remain dismissed and the Clerk of the Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion,

to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 17, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge